<div align="center">ROGER BIRNEY *v.* MARY BIRNEY.</div>

A conveyance by a lessor, to one of two joint tenants, under a lease reserving rent, of all his title and interest in the premises, does not give the grantee a right to maintain ejectment against his co-tenant for non-payment of the rent accrued to his grantor.

EJECTMENT for a tract of land in Highgate. Plea not guilty, and trial by the court. It appeared on the trial that, on the 16th of March, 1824, Jabez Penniman executed to Anthony and Samuel Hoffman, a durable lease of a tract of land, embracing the premises in question, reserving an annual rent of $43, payable on the 16th of March, in each year, and providing, that if any part of the rent should remain unpaid for six months after due, the said Penniman, his heirs or assigns, might re-enter and take possession of the premises.

This lease was assigned by the Hoffmans to Timothy Birney in November, 1824,—by Timothy Birney, to the plaintiff, in 1826, and by the plaintiff to Michael Birney and James Birney in 1827. This last assignment, reserved a portion of the premises embraced in Penniman's lease, and contained a covenant on the part of the assignees, for the payment of the whole rent to Penniman, but contained no covenant that, in case of non-payment of the rent, the plaintiff might enter and take possession. In 1836 Michael Birney assigned his interest to the plaintiff, and in July, 1841, Penniman remised, released and quit-claimed to the plaintiff all his right and title, in, and to the premises.

It further appeared that the defendant was the widow of James Birney, and, with his children and heirs, continued to reside in the family mansion, and to occupy the land which he had possessed.

The action was commenced before the expiration of six months from the 16th of March, 1842.

The plaintiff contended that he was entitled to maintain the action, for the non-payment of rent, reserved in the lease from Penniman to A. & S. Hoffman ; and also, on the ground that the defendant had not connected herself, by the evidence, with the estate of James Birney. The court rendered judgment for the defendant to which the plaintiff, excepted.

*N. L. Whittemore,* for plaintiff.

Roger Birney owns an undivided half of the land in question in fee simple, and is landlord as to the other half.

It is contended that the plaintiff can recover of the defendant the undivided moiety of this land, upon the non-payment of the rent, as his title is paramount to that of James Birney, or his heirs.

The purchase of the landlord's title by the plaintiff does not, under the circumstances of this case, enure to the benefit of his co-tenant, but he is in the same situation, as to that half, that the former landlord had been. Had the plaintiff owned this whole tract, absolutely, and then leased an undivided half to defendant, reserving rent, he could, upon the non-payment of the rent, have sustained his action for the land so leased, notwithstanding he might be tenant in com-

mon as to the possession. This is the position in which, in a legal point of view, he is placed by the conveyances.

The deed of Roger Birney to James and Michael Birney, recognized the title of Jabez Penniman, and required the grantees to pay all the rent, both on the land in question and on the land which Roger Birney reserved to himself; and by force of that deed, the whole burthen of paying rent was thrown on to the land conveyed to James and Michael. The purchase of Penniman's title by the plaintiff could not injure his co-tenant, in case he complied with the conditions of the lease, by paying one half of the rents reserved, nor could it create any confusion in the payment of the rents, as he was bound to pay one half as they fell due.

The title of Penniman was not an adverse title ; nor was it a foreign title to these tenants in common. The rule of law, that the purchase of a title by one tenant in common will enure to the benefit of his co-tenant, applies only in cases where an independent, latent, adverse, foreign title is purchased by one of the tenants ; and it must be such a purchase as would be a fraud upon his co-tenant, and wholly defeat his title.

The title in Penniman was not inconsistent with that in the tenants ; consequently one of the tenants might purchase it for his own benefit. If Penniman had purchased in Michael Birney's title, that would place him in the same position in which Roger Birney now stands. In that case, it is believed, that Penniman could maintain ejectment against the defendant for the non-payment of rent. Had this been a tenancy in common, say for ten years, reserving rent, the plaintiff could have purchased in the reversion on his own account, and it would not enure to the benefit of his co-tenant.

Where two hold an estate as tenants in common, supposing their title good, and, afterwards, one of the tenants discovers a defect, and purchases in an outstanding, adverse, latent title, it enures to the benefit of both. The case under consideration is far different. The plaintiff, by his purchase from Penniman, did not weaken nor impair the title of James Birney. His title remained as good and effectual after as before the purchase ; and the co-tenant's interest in the estate was in no wise lessened, weakened, or abridged ; and had the co-tenant paid his rents honestly he could not be disturbed in his possession.

It might present a different case had the tenants, before such purchase, believed they held the land free from rent-charge, and the plaintiff had discovered and purchased in the title of Penniman.

*G. W. Foster,* for defendant.

The plaintiff claims to recover, as the assignee of the original lessor, on the ground, that the defendant is his tenant, in possession of the premises sued for, and liable to pay the rent reserved in the original lease from Penniman to the Hoffmans.

The case shows that the parties were tenants in common of the premises. And that relation still exists, unless merged or destroyed by reason of the deed from Penniman to the plaintiff, of the 24th of July, 1841. If the plaintiff is to be treated as tenant in common, he should have proved an actual ouster by his co-tenant, to entitle him to recover, as the tenant in possession, is always presumed to be holding and occupying, according to his right; but no such proof appears in the case. And if the plaintiff is to be regarded as the landlord, then he must prove that he, in law, was entitled to the possession, at the time of the commencement of the action. The deed from Penniman would not convey to the plaintiff any title to the rents that had previously accrued. 1 Chit. Pl. 10; *Granby & Kellogg v. Wilcox,* 2 John R.; 2 Mass. R. 455, 439, 460; 14 John R. 89. Consequently, the plaintiff would not have the right, by the terms of the original lease, to re-enter till after the expiration of six months from the 16th day of March, 1842, which would be subsequent to the commencement of the present action. The first rent due to the plaintiff would fall on the 16th of March, 1842, and the right to re-enter by reason of the non-payment of rent is limited to six months beyond that period, or to six months after the rent falls due.

But the deed from Penniman to the plaintiff is, technically, a release, which enures, by way of extinguishment, as in the common case of a release of the rent by the landlord, to the tenant in possession, 4 Bacon's Ab. 284, title release; or, as the parties were jointly and severally bound to pay the rent, a release to one discharges the other. 4 Bacon's Ab. 266.

The rent was an incumbrance, an annual charge upon the common estate. But one tenant in common will not be permitted to purchase in an outstanding title or incumbrance, and enforce it at law against his co-tenant. The purchase enures, in equity, to the common benefit, and the purchaser is entitled to contribution. The principle rests upon the privity between the parties, and the fidelity and good faith which the connexion implies. *Van Horn* v. *Fonda*, 5 Johns. Ch. R. 407 ; 4 Kent's Com. 371, in note.

The opinion of the court was delivered by

HEBARD, J.—The plaintiff seeks to recover possession of the premises in question, on the ground of the non-payment of the rent reserved in the lease from Penniman to A. & S. Hoffman, and the conveyance to him by Penniman, of all his title and interest in the premises. The first question is, can the plaintiff recover on the ground of the non-payment of the rent, which had accrued previous to Penniman's conveyance to him? That rent had accrued to Penniman, and not to the plaintiff. The purchasing in of the title from Penniman extinguished his right to the rent due, or at least his right to re-enter, and maintain ejectment for the non-payment of it. That rent had been equally due from the plaintiff, and James Birney, or his representatives ; and as payment of any part of the rent thus due from the plaintiff and James Birney, would have enured to the benefit of both, so the payment, in effect, which was made by the purchase of Penniman's title, would enure to their common benefit. This action cannot, therefore, be maintained by the plaintiff, on the ground of the non-payment of rent which had accrued to Penniman.

It is equally clear that this action cannot be maintained for non-payment of rent after the conveyance from Penniman to the plaintiff, which was on the 24th of July, 1841, because, whatever liability for rent accrued after that time, it did not become due until the 16th of March, 1842, and, by the terms of the lease, the right of re-entry, and, of course, of maintaining ejectment for non-payment of rent, did not accrue until the expiration of six months from that time— previous to which expiration this suit was commenced.

So far as the case shows, the defendant is only holding

<div style="float:right">

Franklin,
January,
1843.

Adm'r of
Beeeman
v.
Webster

</div>

the premises for her children. It does not appear that she claims the land by purchase, or that dower in premises has been set out, or even that administration has been taken on the estate of James Birney. There seems, therefore, to be no ground on which this action can be sustained. There can be no doubt that those benefitted by the extinguishment of the back rent, can be compelled, in an appropriate action, to contribute to the plaintiff their proportion of it.

<div style="text-align:center">Judgment affirmed.</div>